Xue v. Holder

BIA
Bukszpan, IJ
A093 408 573

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
>> *Circuit Judges.*

_____

LIBIN XUE,
> *Petitioner,*

v.                                          13-2130
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Libin Xue, *pro se*, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; David V. Bernal, Assistant

08152014-B3-4

**Director; Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Libin Xue, a native and citizen of China, seeks review of a May 3, 2013, decision of the BIA that: (1) affirmed the January 6, 2011, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denied her motion to remand. *In re Libin Xue*, No. A093 408 573 (B.I.A. May 3, 2013), *aff'g* No. A093 408 573 (Immig. Ct. N.Y. City Jan. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see*

08152014-B3-4

2

*also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).

Xue applied for asylum, withholding of removal, and CAT relief based on her claim that she fears persecution because she has had more than one child in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's determination that Xue failed to demonstrate her eligibility for relief. *See id.* at 158-72.

As to Xue's motion to remand, we find no error in the BIA's determination that she failed to demonstrate her *prima facie* eligibility for relief based on her conversion to Christianity. The evidence Xue submitted did not demonstrate that Chinese authorities are aware of, or likely to become aware of, her religious practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, this petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk